By:
:meyers, justin:
:godman, tammy:
In care of 5690 FL- 4 Suite 13
Baker, Nation state of Florida [near 32531]
This 15th day of January in the year of our Lord, 2024

**UNITED STATES DISTRICT COURT**
For the
**Northern District of Florida**

meyers, justin, (a living man) ]
godman, tammy, (a living woman) ]

    Claimants ]

    Vs.

Brown, Jeffrey (a living man) ]
Brown, Bradley (a living man) ]
Hutchinson, Russell (a living man) ]
Medley, Adam (a living man) ]
ALLY BANK]
ALLY BANK CORP.]
ALLY FINANCIAL INC.]
ALLY SERVICING LLC]
XTREME RECOVERY LLC]

    Defendants ]

**CLAIM FOR BREACH OF TRUST, BREACH OF AGREEMENT, VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) ACT, ABUSIVE CRUEL EXTORTIONATE DEBT COLLECTION PRACTICES, GRAND LARCENY, GRAND THEFT, INFLICTION OF EMOTIONAL HARM AND DISTRESS, DEPRAVATION OF RIGHT TO PROPERTY, AND TENDERED UNRETURNED SECURITIES**

Now divinely appears justin meyers, and tammy godman, a man and a woman, created in the image of God, in full life, in a non-representative capacity, over the age of 21 earth years, of sound mind, willing, able, and competent to testify in court as a first-hand witness. Claimants hereby file this civil claim for breach of trust, breach of agreement, violations of Federal Laws and related to abusive and unlawful debt collection practices, grand larceny, grand theft, infliction of emotional harm and distress, and deceptive credit/lending actions. This claim pertains to trust property, specifically described as a 2023 Toyota Tundra gray truck (VIN# 5TFPC5DB3PX029704), any accounts, interest, and securities, etc. The claimants assert their right to equity, remedy, restoration, and restitution to be duly acknowledged and addressed by this court, emphasizing the intrinsic value of justice beyond monetary considerations;

**JURISDICTION AND VENUE**

Basis in Law:
This action is grounded in the laws of the United States, encompassing, but not limited to: 13 Stat 99 Bank Act, Sect 9, Sect 35 and Sect 39,  Emergency Banking Act 1933, Title 1 US Code §112, Public Law 73-10, Public Law Chap 48-48 Stat. 112, The Securities Act of 1953, Bills of Exchange Act 1882, 17 CFR 240.15(c)1-2, US CODE Title 7 Chap 50 § 1928, US CODE Title 12 generally, US CODE Title 12 § 95A2 and as ratified by § 95B, § 411 , § 412 , § 614 , § 615, § 1431, US CODE Title 15 § 1681, US CODE Title 15 §1692, US CODE Title 15 § 6802, US CODE Title 18 generally, US CODE Title 18 § 8, 18 USC Part I Chap 31 § 656, 18 USC Part I Chap 113 § 2320,  US CODE Title 26 generally, US CODE Title 28 generally, US CODE Title 31 generally, US CODE Title 31 § 3123, US CODE Title 42 Trust Code generally, US CODE Title 50 § 4301, Uniform Commercial Code (UCC) 3-104, 3-603, 3-604, 9-210, the Negotiable Instruments Act (NIA), NIA Chap 5, the Federal Rules of Civil Procedure (FRCP), Right to Financial Privacy Act 1978, the Equal Credit Opportunity Act (EOCA), the Fair Debt Collection Practices Act (FDCPA), Public Law 91-508 known as the Fair Credit Reporting Act (FCRA), The Securities Act 1933, the Constitution of the United States of America both Article IV Sect 1 and the 7th Amendment, TWEA Sec 7(e), 8(a), 40 Stat. 411;

Subject Matter Jurisdiction:
This Court holds subject matter jurisdiction under 28 U.S.C. § 1331, as the action involves federal questions arising under both federal laws and diversity of citizenship;

Venue:
Venue is appropriate in this district as per 28 U.S.C. § 1391(b). The Defendants conducted business within this district, and the events leading to the claims occurred here;

Additional Jurisdictional Grounds:
Asserts Subject matter jurisdiction under 28 U.S.C. § 1331 and establishes Jurisdiction over the defendant's principal place of business originating and or occurring within the nation-state of Florida;

Venue Considerations:
Venue is suitable under 28 U.S.C. § 1391(b) as events the events leading to this claim occurred within this district;

Federal Court's Jurisdictional Basis:
The Federal court's jurisdiction over this case is substantiated by the following factors:
a. The defendants' violation of Federal Laws;
b. No other alternative de jure common law court, or higher court, is accessible to the claimant for equity and/or remedy (Constitution of the United States of America Seventh Amendment);

## PARTIES

Claimant one is meyers, justin [the claimant is a man domiciled on Okaloosa County, in the nation state of Florida]
Claimant two is godman, tammy [the claimant is a woman domiciled on Okaloosa County, in the nation state of Florida]
The first defendant is Brown, Jeffrey [a man acting as Trustee and a ceo for a bank]
The second defendant is Brown, Bradley [a man acting as Trustee and a treasurer for a bank]
The third defendant is Hutchinson, Russell  [a man acting as Trustee and a cfo for a bank]
The fourth defendant is Medley, Adam [a man acting as a debt collector]
The fifth defendant ALLY BANK [A Delaware Corporation]
The sixth defendant ALLY BANK CORP [A Delaware Corporation]
The seventh defendant ALLY FINANCIAL INC [A Delaware Corporation]
The eighth defendant ALLY SERVICING LLC [A Delaware Corporation]
The ninth defendant XTREME RECOVERY LLC [An LLC]

## FACTUAL BACKGROUND

Summary of Federal Civil Court Complaint:

The defendants, ALLY BANK, ALLY BANK CORP, ALLY FINANCIAL, and ALLY SERVICING (collectively referred to as "ALLY"), ALLY leadership Jeffrey Brown, Bradley Brown, and Russell Hutchinson, additionally XTREME RECOVERY LLC owner/agent Adam Medley are involved in a dispute over the unlawful taking of trust property (a truck). This dispute centers around violations of Federal Law, Consumer law, Commercial Law, and Fair Debt Collection Practices Act, among others;

On June 10, 2023, the claimants sought to purchase/acquire trust property using their Estate and Trust (E&T) security account number, E&T Name, date of birth, and presented themselves as the beneficiary of the trust. The Toyota/Automobile dealership agents brokered our purchase with ALLY, whose current direct leadership includes Jeffrey Brown, Bradley Brown, and Russell Hutchinson. ALLY leadership and its agents accepted trusteeship and duties of the JUSTIN AVERY GENE MEYERS Trust when they required, solicited, obtained, accessed, and used the claimant's E&T information, social security account/credit card/credit account number, and Claimants credits and accepted his securities to complete the purchase of trust property on June 10, 2023. The claimant presented himself clearly as the beneficiary of the trust and is evidenced by his signature on the agreement as bene., an abbreviation for beneficiary. The trust property was Paid in Full, and any debt was discharged on June 10th, 2023, or shortly after, [13 Stat. 99, 40 Stat 411, codified at 12 U.S.C. § 95 and 50 U.S.C. § 4301, Public Law 73-10];

The Claimants did not abandon nor intend for their credit/funds/monies/securities to be a gift to the Defendants/Trustees/agents;

On or about July 7, 2023, the claimant received a vague and suspicious 'statement' of an account, appearing to be from ALLY agents, implying that the claimant owed a debt [Public Law 73-10]. The claimant began an investigation and requested records/accounting via an administrative process to verify/validate the events that led to receiving the letter, as the trust property was paid in full/discharged on or about June 10, 2023;

On or about July 17, 2023, during the debt validation/administrative process, the Claimants did tender in full, (in effort to remain in honor and in good faith while awaiting debt validation response and accounting), a security to ALLY agents, despite that debt satisfaction/discharge had already occurred on June 10, 2023. ALLY and agents did reject tender, refused to credit the account, and did not return the original security/negotiable instrument, [UCC 3-603, 3-604]. The same security instruments Original was conveyed and Tendered to the US Treasury on this day too [18 USC 8];

Claimants sent multiple Notices, affidavit, and tenders and copies were sent to the Trustees using an administrative process, seeking validation/verification of the alleged debt, requesting full ledger accounting, and all wire transfer reports, etc. However, the Trustees did not respond or rebut the self-executing Affidavit or Notices, when they had a duty to respond, to inform, and account to the claimants [Uniform Commercial Code (UCC) 3-104, 3-603, 3-604, 9-210];

On or about December 10, 2023, the Defendants and their agents enlisted the services of the XTREME, leading to their commission of grand larceny/grand theft. Adam or his agents unlawfully entered the Claimant's private property in the dead of night during non-regular business hours, notably inconvenient preventing him from being able to protect and defend his trust property. This intrusion occurred one day after the Claimant's sixth month of possession;

The DC TEAM, lacking a bona fide lien, court order, and lacking firsthand knowledge of the civil matter, proceeded to unlawfully seize a fully paid and discharged truck. This action constitutes federal grand larceny (1st degree) and grand theft (1st degree);

The Claimant asserts that these actions are not only abusive but also tantamount to extortion through blackmail. The abusive actions collectively highlight the Defendant's blatant disregard for the debt validation process, the administrative process, and lawful/legal procedures, ultimately resulting in the commission of serious criminal offenses;

On or around December 10, 2023, the XTREME under Defendant Adam's leadership, committed theft of the claimant's U.S. Government Property a U.S. passport during the unlawful (non-regular business hours) nighttime Theft. Despite later being informed many times of the US Government property in their unlawful possession, XTREME and or Adam did not release property back to Claimant. Claimant was put into a strange predicament because she knew who stole the passport, and the stolen and lost passport process really only pertains to when the user does not know who stole the passport or where it is;

In addition to the aforementioned, the Defendants did rob the Claimants of peace of mind, safety, and security, resulting in a diminished quality of life. Defendant's actions have also triggered feelings of depression, anxiety, embarrassment, among other harms and damages to the claimants and their family;

On December 30, 2023, the Claimants submitted a Security valued at $500,000 in good faith towards the unverified/unvalidated debt. Despite this, the amount has not been credited to the alleged account, and the original securities have not been returned to the Claimants. This Security, along with other payments, negotiable instruments, and coupon securities previously sent to the defendants, constitutes a total value of approximately $1 Million USD. The defendant's action constitutes Securities fraud. It is crucial to highlight that the Defendants continued failure to credit the account and return the original securities;

On or about December 30, 2023, the Claimants rescind the installment agreement signature [15 USC 1635(b)] due to the breach of trust, breach of agreement, misrepresentation of a loan, misappropriation of securities and funds, highly abusive and extortionate debt collection practices by the Trustees, ALLY and agents, following the grand larceny/theft of the trust property and great harm caused to claimants and family. Claimants also notify the Securities and Exchange Commission as several securities were sent to Defendants, and were not credited to the Claimants, nor were the Originals returned;

On or about January 8, 2024, An unsigned letter informs the Claimants that their trust property would be sold at auction on January 17, 2024. Be it known the Claimants do not consent to the sale and demands an immediate cease and desist, asserting that Jeffrey, Bradley, and/or Russell and their agents are engaging in harmful and abusive debt collection practices;

On or about January 12, 2024, Claimants receive another refusal of the $500, 000 USD security tendered, account was not credited nor was the original security returned, [another violation of UCC 3-603 and 3-604];

## CLAIMS FOR RELIEF

Count I: Breach of Trust and Agreement
Defendants Jeffrey, Bradley, and Russell breached the Trust with Claimant, violating their duty of good faith and fair dealing;

Violations of Federal Laws:
- TWEA Sec 7(e), 8(a), 40 Stat. 411
- Emergency Banking Act 1933
- Title 1 US Code §112
- Public Law 73-10
- US CODE Title 12 generally
- US CODE Title 42 Trust Code generally
- Violations of State Laws (Florida):
  - Florida Trust Code (Chapter 736, Florida Statutes)

Count II: FDCPA Violations

Defendants, Jeffrey, Bradley, Russell, and Adam, in conspiracy, engaged in abusive and extortionate debt collection practices, violating the FDCPA;

Violations of Federal Laws:
- Fair Debt Collection Practices Act (FDCPA) - 15 U.S. Code § 1692
Violations of State Laws (Florida):
- Florida Consumer Collection Practices Act (FCCPA) - Chapter 559, Florida Statutes

Count III: Grand Larceny and Grand Theft
Defendants Jeffrey, Bradley, Russell, did enlist Defendant Adam, in conspiracy, and committed grand larceny and theft by removing the trust property truck without authorization, bona fide lien, or court order;

Violations of State Laws (Florida):
- Grand Theft - Section 812.014, Florida Statutes

Count IV: Trespass and Unlawful Seizure of Property
Defendant, XTREME agents and or Adam, trespassed onto Claimant's private property dwelling, breached the truck's security, uploaded the truck onto a tow dolly, into another jurisdiction, and without proper authority did unlawfully seize trust property and private personal property;

Violations of Federal Laws:
- The Federal Rules of Civil Procedure (FRCP)
Violations of State Laws (Florida):
- Trespass - Section 810.08, Florida Statutes
- Theft - Section 812.014, Florida Statutes

Count V: Theft of United States Government Property, US Passport
Defendant Adam or his agents unlawfully took Claimant's United States Government Property, a U.S. passport, committing a serious crime against US Government Laws;

Violations of Federal Laws:
- TWEA Sec 7(e), 8(a), 40 Stat. 411
Violations of State Laws (Florida):
- Theft - Section 812.014, Florida Statutes

**PRAYER FOR RELIEF**

Claimants respectfully requests the following relief:
- Injunction restraining Defendants from selling claimant's trust property, the sale of trust property is scheduled for auction on January 17, 2024;
- Declaration that Defendant's Jeffrey, Bradley, and Russell breached trust and agreements;
- Compensatory damages;
- Punitive damages [in the amount of $7 million USD, unless the court would determine punitive damages awarded would be higher, being 1 Million USD for tendered unreturned securities, $3 Million USD for Claimant one, and $3 Million USD for Claimant two], as Defendants cause great harm, and damage to claimants;
- Immediate release and return of all property, Intellectual property, securities, and monies, etc to the Claimants/principals, including the United States passport to Claimant;
- Formal charges and arrest of Defendant Adam of XTREME that was responsible of committing the theft of the U.S. Government property of a U.S. passport;
- Legal fees and costs associated with this action;
- Any other relief deemed just and proper by this Court;

## PRAYER FOR RELIEF SOUGHT

The Claimant respectfully seeks the following relief:
- Injunction restraining Defendants from selling claimant's trust property, the sale of trust property in scheduled for auction on January 17, 2024;
- Acknowledge the nullification and void of the original agreement;
- Declaration that the Defendants breached trust and agreements;
- Immediately cease and desist all debt collection activities;
- Initiate an investigation and press formal charges against the Defendant and or agents for the theft of U.S. Government property, specifically a U.S. passport;
- Award (the highest possible treble amount for) damages for emotional distress and harm to Claimants;
- Recognize and enforce the rescission of the Retail Installment Agreement, as the law states a rescission is Immediate;
- Grant the claimants full restoration, remedy and restitution for trespass, harm, mental anguish, and damages;
- Compensatory and general damages for legal and administrative expenses, mental anguish, loss of use of trust property, damaged credit score, damaged reputation, embarrassment, and the use of criminal harm and trespass;
- Punitive damages in an amount $7 million USD unless the court determines punitive damages awarded to be higher;

## CONCLUSION

In conclusion, the Claimant respectfully requests the following relief from the court:
- That the court enter a judgment in favor of the Claimant on all counts of the claim against the defendants;
- That the court award compensatory damages to the Claimant jointly and severally from the defendants, in an amount to be determined at trial;
- That the court grant punitive damages to Claimants jointly and severally from the Defendants, in the amount of $7 million USD (unless the court determines punitive damages awarded would be higher), $1 Million USD being for tendered unreturned securities, $3 Million USD for Claimant one, and $3 Million USD for Claimant two, as the Defendants caused great harm, and damage to claimants, with the aim of deterring similar proscribed conduct by the Defendants in the future;
- That the court award prejudgment and post-judgment interest, along with reasonable lawful/legal fees, to the Claimant against the defendants on all sums determined in this action, pursuant to Federal Laws;
- That the court grant Claimant such other equitable relief that the court deems appropriate;

## Demand For A Trial By Jury

Now divinely appears Justin Meyers and Tammy Godman, the claimants, and hereby demand trial by jury on all issues so triable to by a jury. Done in good faith, Revelation 21: 5 And He who sits on the throne said, "Behold, I am making all things new.". Also, He said, "Write, for these words are faithful and true [they are accurate, incorruptible, and trustworthy]." [Cf. 28 USC 1746 (1)]

On this 15th day of January, in the year of our Lord God, 2024,
Without recourse. Without Prejudice.
by: _justin_
meyers, justin

On this 15th day of January, in the year of our Lord God, 2024,
Without recourse. Without Prejudice.
by: _tammy_
godman, tammy