UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTIN MEYERS, et al.,
    Plaintiffs,

v.                                                        Case No.: 3:24cv00028/MCR/ZCB

JEFFREY BROWN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* case in which Plaintiffs appear to be challenging events that led to the repossession of an automobile. Plaintiffs' initial complaint was struck because it was a shotgun pleading. (Doc. 4). Plaintiffs were provided an opportunity to amend the complaint or file a notice of voluntary dismissal. (*Id.*). Plaintiffs filed an amended complaint on March 22, 2024. (Doc. 7). Because Plaintiff's amended complaint is also a shotgun pleading, this case should be dismissed.

### I. Background

Plaintiffs' amended complaint names Jeffrey Brown and Douglas Timmerman as the sole Defendants in this case. Beyond concluding that these Defendants are citizens of Michigan, Plaintiffs provide no further contact or identifying information for these individuals nor any

1

explanation as to how they relate to Plaintiffs' allegations. Plaintiffs allege Defendants "breached their fiduciary duty and failed to provide a full accounting, leading to disputes regarding an automobile purchase, the validity of a contract, and an alleged debt." (Doc. 7 at 9). Plaintiffs request "the [C]ourt to compel a full accounting audit" to demonstrate Plaintiffs' "purchase of the automobile in question." (*Id.*). Plaintiffs further claim "[t]his audit will expose the deceptive nature of the 'Retail Installment Contract' and the subsequent attempts to collect on a non-existent debt." (*Id.*).

Plaintiffs then allege events that took place across seven distinct dates and/or time periods, beginning with "Plaintiff 1" signing an installment agreement and promissory note "under duress" for an automobile purchase, and pledging security for the purchase, on June 10, 2023. (*Id.*). About a month later, "Plaintiff 1" disputed a debt notification letter and requested debt verification documentation but did not receive "the requested accounting nor a sworn statement by a living man or living woman firsthand witness (sic) under penalty of perjury to verify the alleged debt." (*Id.*).

On August 22, 2023, "Plaintiff 1" then "file[d] a UCC-1 on (sic) Maryland," and in December, the automobile at issue was re-possessed. (*Id.* at 10). On December 30, 2023, "Plaintiff 1" apparently "rescind[ed]" his signature from the original agreement for concealment and breach of trust," and "Plaintiff 2" began providing "more securities . . . to settle the alleged debt." (*Id.*). Beginning on February 15, 2024, "Plaintiff 1 report[ed] potential issues to IRS and SEC authorities via IRS F 211 and IRS F 3949A, and deliver[ed] a corrected, notarized, signed, accepted agreement to US Treasury and Defendants for settlement." (*Id.*).

As relief, Plaintiffs request the Court "[o]rder the agreements void due to misrepresentation, breach of fiduciary duty, concealment, non-full disclosure, constructive fraud, and duress[;] restore and return the automobile in mint condition . . . [as well as securities;] compensatory damages for infliction of emotional distress; statutory damages . . . [; and] punitive damages." (*Id.*).

## II.  Discussion

Plaintiffs' amended complaint is a shotgun pleading. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is

3

entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts

4

or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiffs' amended complaint falls into three of the four categories of shotgun pleadings. First, it contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Barmapov*, 986 F.3d at 1325. The amended complaint is vague, and it is difficult to decipher the events giving rise to Plaintiffs' claims. Plaintiffs' allegations do not clearly identify what each Defendant did or did not do to give rise to his claims. It is unclear what—if any—facts in the amended complaint support Plaintiffs' alleged claims. For example, Plaintiffs assert that "Plaintiff 1 . . . signed a retail

5

installment agreement and a promissory note under duress," but includes no specific facts that explain this legal conclusion. And Plaintiffs include no details about the alleged "agreement" and "securities" involved in the purchase of the automobile at issue, nor who the automobile was purchased from. As another example, Plaintiffs later assert they "deliver[ed] corrected agreements" but they do not clarify who these agreements were delivered to or what was corrected in them. These examples are just a few of the numerous factually unsupported and conclusory allegations contained in the complaint.

Second, the amended complaint "does not separate each cause of action or claim for relief into a different count." *See Barmapov*, 986 F.3d at 1325 (internal quotations omitted). Instead, it is a jumbled conglomeration of conclusions and allegations. Because of how the complaint is drafted, it is difficult—if not impossible—to determine just how many claims are being brought, what those claims are, and against whom they are being brought. Plaintiffs' complaint combines multiple causes of action together in a conclusory fashion. For example, in the "Relief Requested" section, Plaintiffs state: "Order the agreements void due to misrepresentation, breach of fiduciary duty, concealment, non-full

6

disclosure, constructive fraud, and duress." But these legal causes of action are not pled in individual counts throughout the complaint. Ultimately, it is unclear what claims Plaintiffs are bringing against Defendants.

Third, Plaintiffs' amended complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Barmapov*, 986 F.3d at 1325 (cleaned up). Instead of clearly identifying what claims are being brought against which Defendants, everything is mixed together in a mass of conclusory allegations and legal conclusions with little differentiation between claims and Defendants.

For the reasons above, Plaintiffs' amended complaint is a shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted). The Court recognizes that Plaintiffs are proceeding *pro se* and that *pro se* pleadings are construed liberally. *See, e.g.*, *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). But a court is not tasked

with rewriting a deficient pleading, even if brought by a *pro se* party. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

Plaintiffs were told of the deficiencies in their original complaint, provided with an opportunity to re-plead the complaint to cure those deficiencies, and warned that a failure to do so would result in a recommendation of dismissal of this case. (Doc. 4 at 10). Nonetheless, Plaintiffs have filed an amended complaint that suffers from the same type of deficiencies as the original complaint. Thus, dismissal is warranted. *See Jackson*, 898 F.3d at 1358 (explaining that the district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (affirming dismissal of a shotgun pleading after the court provided the plaintiff with an opportunity to file an amended complaint).

### III. Conclusion

For the reasons above, the undersigned **RECOMMENDS** that:

1. Plaintiffs' amended complaint (Doc. 7) be **DISMISSED** as an impermissible shotgun pleading; and

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 3rd day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.